IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEANNETTE B.**[1], | Case No. 3:20-cv-42-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Kevin Kerr, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490 Portland, OR 97293. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Leisa A. Wolf, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Jeannette B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

insurance benefits (DIB). Because the Commissioner's decision was not based on the proper legal standards and the findings were not supported by substantial evidence, the decision is reversed and the case is remanded for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground on which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

BACKGROUND

A. **Plaintiff's Application**

Plaintiff is currently 53 years old and was born on September 7, 1967. AR 48. She filed her application for disability insurance benefits on August 18, 2016. She alleged her disability began January 12, 2016, when she was 48 years old. AR 72-73. She claimed disability due to orbitopathy with restrictive strabismus post decompression, chronic diplopia bilateral, exophthalmos, myopathy of extraocular muscles, and eyelid retraction. *Id.* The Commissioner denied her application initially (AR 72, 83) and on reconsideration (AR 87, 100). Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on May 12, 2017. AR 25. The ALJ conducted a hearing in Portland, Oregon on October 25, 2018. *Id.* She concluded that Plaintiff was not disabled and issued a written decision denying Plaintiff's application. AR 35. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 5, 2019. AR 1. Plaintiff seeks judicial review of the Commissioner's final decision.

B. **The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

PAGE 3 – OPINION AND ORDER

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of Social Security Act through December 31, 2021 and proceeded to the sequential analysis. AR 25. At step one, the ALJ determined that Plaintiff had not engage in any substantial gainful activity after the alleged onset date of January 12, 2016. AR 27. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: headaches, diplopia, and bilateral thyroid-related immune orbitopathy with restrictive strabismus status post decompression surgery and blepharoplasty. *Id.* At step three, the ALJ found that none of Plaintiff's impairments met or equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 28.

Between step three and step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following additional limitations:

> [Plaintiff] can never climb ropes, ladders or scaffolds; she can do occasional overhead work bilaterally; she can occasionally use depth perception and visual accommodation; she can use frequent near and far visual acuity; she can use frequent color discernment and visual field; and she should avoid even moderate exposure to hazards.

AR 28. At step four, the ALJ found that Plaintiff could perform her past relevant work (PRW) as a storage facility rental clerk. AR 33. Alternatively, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, other jobs existed in the national economy that Plaintiff can perform, including General Retail Sales Clerk, Sales Attendant, Ticket Seller, and Recreation Aide. AR 34-35. The ALJ, therefore, concluded that Plaintiff is not disabled. AR 35.

## DISCUSSION

Plaintiff asserts that the ALJ improperly evaluated the medical opinion evidence of Plaintiff's treating physician Dr. Daniel Holland. Specifically, Plaintiff argues that the ALJ erred in failing to address Dr. Holland's opinion that Plaintiff's double vision symptoms are severe enough to frequently interfere with her attention and concentration needed to perform simple work tasks. Plaintiff contends that the ALJ's failure to address this opinion by Dr. Holland is erroneous because it is either a silent rejection without specific and legitimate and reasons or a silent adoption without incorporating the limitation into the RFC or including the limitation in the hypothetical to the vocational expert (VE). The Commissioner responds that the ALJ properly weighed the conflicting medical opinion testimony and that Plaintiff is merely offering her own interpretation of the record.

**A. Standards for Evaluating Medical Opinion Testimony**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit and the Commissioner[2] distinguish between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1527(c)(1), (2); 416.927(c)(1), (2). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, a court gives the treating physician's opinion controlling weight. *Holohan*, 246 F.3d at 1202; see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A court may reject a treating doctor's uncontradicted opinion only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If the opinion of another physician contradicts a treating doctor's opinion, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631; *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of

---

[2] Because Plaintiff filed her application before March 17, 2017, the application is governed by 20 C.F.R. §§ 404.1527 and 416.927, and the revised rules relating to the consideration of medical opinion testimony do not apply.

another physician contradicts the opinion of an examining physician, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

PAGE 8 – OPINION AND ORDER

**B. The ALJ's Assessment of Dr. Daniel Holland's Opinion**

Dr. Holland treated Plaintiff from April 2016 to August 2018. AR 561. Dr. Holland diagnosed Plaintiff with vertical strabismus, diplopia, and Graves' Disease. AR 561. Dr. Holland stated that as a result of Plaintiff's impairments, she had frequent vision limitations in a competitive work situation. AR 562. Dr. Holland also opined that Plaintiff could frequently perform work involving near acuity, far acuity, color vision, and field vision but could rarely perform work involving depth perception and visual accommodation. AR 563. Additionally, Dr. Holland stated that Plaintiff could walk up and down stairs with difficulty, could not work with small or large objects, would require frequent unscheduled breaks during an eight-hour workday, and could not avoid ordinary hazards in the workplace. *Id.* He also found that during a typical workday Plaintiff would frequently experience vision symptoms severe enough to interfere with the attention and concentration needed to perform even simple work tasks. *Id.* Lastly, Dr. Holland stated that Plaintiff could not sustain any type of work activity eight hours a day, five days a week, fifty-two weeks a year. *Id.*

The ALJ gave Dr. Holland's opinion that Plaintiff would be incapable of sustaining work activity "no weight" because it is a finding reserved for the commissioner. AR 32. The ALJ accorded "little weight" to Dr. Holland's opinion that Plaintiff would require frequent unscheduled breaks and could not work with objects because Dr. Holland did not explain these opinions and "there are no treatment records suggesting that the claimant takes frequent rest breaks or has difficulty handling objects." *Id.* The ALJ gave "significant weight" to Dr. Holland's opinion on Plaintiff's ability to perform visual activities because "they are broadly supported by his eye examinations and consistent with other examinations in the medical record." *Id.* The ALJ did not address Dr. Holland's opinion that Plaintiff's vision symptoms often interfered with the attention and concentration needed to perform even simple work tasks.

Despite the weight given to Dr. Holland's assessments of Plaintiff's ability to perform visual activities, the ALJ failed to assign weight to Dr. Holland's opinion that Plaintiff's vision symptoms frequently interfered with the attention and concentration needed to perform simple work tasks. The ALJ did not specifically accept or reject this opinion, or even mention it. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. bray *Garrison¸* 759 F.3d at 1013; *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it). Additionally, when an ALJ divides a source's opinion into multiple parts, the ALJ may not discount the entire opinion for reasons applicable only to one part of the opinion. *Accord Dale v. Colvin*, 823 F.39 941, 946 (9th Cir. 2016) (applying this principle to lay witness testimony). Because the ALJ failed to address Dr. Holland's limitation that Plaintiff's vision symptoms frequently interfered with the attention and concentration needed to perform simple work tasks, the ALJ effectively rejected it. The ALJ provided no explanation for this rejection, and the reasons offered for rejecting the other aspects of Dr. Holland's opinion do not apply to this portion of Dr. Holland's opinion.

The Commissioner argues that Plaintiff is merely providing her own interpretation of the record and the ALJ's decision is a reasonable interpretation of the record. The mere "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996). Plaintiff, however, did not provide her own interpretation of the record regarding Dr. Holland's opinion about Plaintiff's limitation relating to attention and

PAGE 10 – OPINION AND ORDER

concentration caused by her vision impairment. Plaintiff provided the only reasonable interpretation of the record on this specific limitation about which Dr. Holland opined. The Commissioner does not offer any explanation for how the ALJ's failure to address this limitation does not equate to a rejection or where in the ALJ's opinion she provided a specific and legitimate reason to reject this opinion by Dr. Holland. Nor does the Commissioner explain how the ALJ's silence on this opinion by Dr. Holland can be viewed by the Court as a reasonable interpretation of the record to be compared to Plaintiff's competing reasonable interpretation of the record. Because there is no other reasonable interpretation of the record other than that ALJ failed to provide a specific and legitimate reason for rejecting Dr. Holland's opinion, the Court finds that the ALJ erred in her evaluation of Dr. Holland's medical opinion testimony.[3]

## C.  The RFC and Hypothetical to the VE Analysis

The RFC reflects the most a claimant can do despite limitations. *See* Social Security Ruling (SSR) 96-8p, *available at* 1996 WL 374148, at *1 (July 2, 1996). In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not

---

[3] The Commissioner also argues that the ALJ reasonably gave more weight to the opinions of state agency reviewing doctors J. Scott Pritchard, DO, Scott Kaper, Ph.D., and Jeffrey Merrill, M.D. These reviewing doctors opined that Plaintiff had fewer limitations than Dr. Holland found. The Commissioner argues that the ALJ gave more weight to the opinions of the agency doctors than to Dr. Holland's opinion because the opinions of the agency doctors were more consistent with the overall record while Dr. Holland's opinion was not. The Commissioner contends that the ALJ rejected Dr. Holland's limitation that Plaintiff's vision symptoms frequently interfered with the attention and concentration needed to perform simple works tasks by giving it less weight than the opinions of the agency doctors. The Court, however, may not consider *post hoc* explanations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The Court is "constrained to review the reasons the ALJ asserts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). The ALJ did not state that she discounted Dr. Holland's opinion and instead credited the contrary opinions of these state agency reviewing doctors. The ALJ did not mention the challenged opinion by Dr. Holland at all. Thus, the Court rejects the Commissioner's argument.

"severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available at* 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairment into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Not every alleged impairment leads to a functional limitation. Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

At step five of the sequential analysis, the burden of proof rests with the Commissioner to establish whether other work exists in the national economy that a worker of the claimant's age, education, work experience, and RFC is able to perform. *See* 20 C.F.R. §§ 404.1569, 416.969. In cases where the Guidelines are "not fully applicable," the ALJ may meet his burden under step five by propounding to a VE a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir., 1995); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (a hypothetical that fails to take into account a claimant's limitations is defective). The ALJ's depiction of the claimant's impairments must be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). If the ALJ does not include all of the claimant's limitations in the dispositive hypothetical question, the VE's answer is of no evidentiary value. *Embry v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (citing *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); *Magallanes v. Bowen*, 881 F.2d 747, 57 (9th Cir. 1989). An ALJ need not include limitations which the ALJ has found to be non-credible or accorded diminished evidentiary weight, so long

as the ALJ makes specific findings explaining why the limitations were not probative, and therefore omitted. *Stubbs-Danielson*, 539 F.3d at 1174 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-96 (9th Cir. 2004)).

Because the Court has found that the ALJ erred in her assessment of Dr. Holland's opinion that Plaintiff's vision impairments would frequently interfere with Plaintiff's attention and concentration, the ALJ's RFC and hypothetical to the VE are erroneous. Upon remand, they may need to be revised after proper consideration of Dr. Holland's opinion.

**D.  Remand for Further Proceedings**

Plaintiff did not ask the Court to remand for an award of benefits and does not argue that the circumstances warrant applying the Ninth Circuit's credit-as-true doctrine. Further proceedings are needed to properly assess the opinion of Dr. Holland that was ignored by the ALJ.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge